UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida Corporation,

    Plaintiff,

v.                                             Civil Action No. 0:20-cv-62253

BALL METAL BEVERAGE CONTAINER
CORP., d/b/a/ BALL METAL, a Colorado
Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Ball Metal Beverage Container Corp. ("Ball Metal"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state court action described below:

1. On October 14, 2020, Plaintiff Vital Pharmaceuticals filed a complaint styled as *Vital Pharmaceuticals, Inc., d/b/a VPX and as Bang Energy, a Florida Corporation, v. Ball Metal Beverage Container Corp. d/b/a/ Ball Metal, a Colorado Corporation*, Case No. 20-CA-017030, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). Plaintiff served Ball Metal with a copy of the Summons and Complaint ("Complaint") on October 19, 2020. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446.[1]

---

[1] Ball Metal, by filing this Notice of Removal, does not waive and expressly reserves any objection as to venue, the legal sufficiency of the claims alleged in the State Court action, and all other defenses.

2. Plaintiff filed the State Court Action pursuant to six state law causes of action: (1) breach of contract; (2) breach of express warranty; (3) negligence; (4) strict product liability; (5) promissory estoppel; and (6) common law indemnification. As a basis for these, Plaintiff alleges that "[o]ver a period of years," Plaintiff "purchased hundreds of millions of aluminum cans from Ball Metal for [Plaintiff's]" use in the production and sale of its various consumer beverage products . . . ." (Compl. ¶ 16.) In 2018, Plaintiff claims, "Ball switched the nature of the lining, treating can with a certain 'BPA-NI' liner." (*Id.* at ¶ 20.) As a result of this change, Plaintiff alleges that the interior of the cans "turned out to be deficient in that it left the interior of the cans, once filled, unduly and unreasonably vulnerable to primary corrosion, thus rendering the cans nonconforming, defective and, once filled, unreasonably dangerous." (*Id*. at ¶ 21.)

3. Plaintiff alleges that it "has incurred many millions of dollars in pecuniary harm and losses" in the form of "acquiring and refilling new beverage cans," "logistical costs," "reshipping and return shipping," "redistributing replacement cans," and other alleged costs. (*Id*. at ¶ 24.) The Civil Cover Sheet filed with Plaintiff's Complaint also alleges that its damages exceed $100,000.

4. Pursuant to 28 U.S.C. § 1446(a), Ball Metal has attached: (a) a copy of the Complaint filed in the State Court Action as **Exhibit 1**; and a copy of all other process, pleadings, orders, and other papers served on Ball Metal in the State Court Action as **Composite Exhibit 2**. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing in the form attached hereto as **Exhibit 3**, a copy of which will be served upon Plaintiff.

5. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 and

28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

6. This is an action instituted in State Court and has not been tried.

## SUBJECT MATTER JURISDICTION

### Diversity Jurisdiction Exists Pursuant to 28 U.S.C. § 1332

7. The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

8. 28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—citizens of different States." Pursuant to 28 U.S.C. § 1332, there is complete diversity amongst the parties and the amount in controversy requirement is met.

9. A corporation is a citizen of any state where it has been incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1); *Advanced Constr. and Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080-CIVCOOKE/GOODMAN, 2018 WL 797073, at *2 (S.D. Fla. Feb. 9, 2018). "A corporation's 'principal place of business' is its 'nerve center,' or a corporation's headquarters 'where a corporation's high-level officers direct, control, and coordinate the corporation's activities.'" *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)).

10. Plaintiff is a Florida corporation with a principal place of business in Broward County, Florida. (Compl. at ¶ 2.)

11. Ball Metal is a Colorado corporation with its principal place of business in

Broomfield County, Colorado.  (*Id.* at ¶ 3.)

12. For purposes of diversity jurisdiction, Plaintiff is a citizen of Florida and Ball Metal is a citizen of Colorado.

13. Because Plaintiff is a citizen of Florida and Ball Metal is a citizen of Colorado, there is complete diversity among the parties.

14. Further, the amount in controversy, exclusive of interest and fees, exceeds $75,000 as alleged in Paragraph 24 of the Complaint, attached as **Exhibit 1**, and as stated in the Civil Cover Sheet filed with the Complaint and attached as **Composite Exhibit 2**.

15. Removal here is thus proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332.

## PROCEDURAL COMPLIANCE

16. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after Ball Metal received a copy of the initial pleadings setting forth the claim for relief on which this removal is based.

17. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Pursuant to Local Rule 4.02(b), a notice of removal shall also contain copies of "other papers or exhibits of every kind."

18. **Exhibit 1** is a copy of the Complaint.

19. **Composite Exhibit 2** is a copy of all other process, pleadings, orders, and other papers or exhibits then on file in the State Court Action.

20. Pursuant to 28 U.S.C. §1446(d), Ball Metal will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in the

State Court Action in the form attached hereto as **Exhibit 3**.

21. Ball Metal has satisfied all of the requirements for removal of this action under 28 U.S.C. §1446 and all other applicable statutes and rules referenced herein.

WHEREFORE, for all the foregoing reasons, this Court has, and Ball Metal respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Dated: November 4, 2020

Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard
Suite 1600
Miami, FL 33131
Tel.: (305) 614-1400
Fax: (305) 614-1425

By: */s/ Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com
docketing@sfslaw.com

***ATTORNEYS FOR DEFENDANT BALL METAL BEVERAGE CONTAINER CORP.***

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day November, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Ian M. Ross*
IAN M. ROSS

# SERVICE LIST

**NELSON, MULLINS, BROAD AND CASSEL**
Scott D. Knapp
Email: scott.knapp@nelsonmullins.com
William E. Baldwin
Email: william.baldwin@nelsonmullins.com
100 S.E. Third Ave.,
Fort Lauderdale, Fla. 33394
Tel: 954.764.7060

*Counsel for Plaintiff*